**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| James Bien, | § | |
| | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-00074-ALM |
| | § | JURY |
| Union Pacific Railroad Company, | § | |
| | § | |
|     Defendant. | § | |

**REPLY BRIEF IN SUPPORT OF
<u>PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Plaintiff submits the following in support of his motion for partial summary judgment (Dkt. #44) and addressing Defendant's response to the motion (Dkt. #54).

**I.   Plaintiff's Motion concerns all relevant actions after Defendant submitted its conductor certification program to the FRA.**

Plaintiff's motion for partial summary judgment concerns the period beginning September 20, 2012, when Union Pacific submitted its conductor certification program to the FRA, through October 13, 2015, when Union Pacific definitively stated it would not remove Bien's work restrictions and would not consider new evidence unless impossible conditions were met.

Plaintiff argues that for any actions taken during this period that concern Union Pacific's color vision field test, Union Pacific cannot claim it had no choice and its hands were tied by FRA regulations. Union Pacific was acting outside of the regulatory framework. If Defendant's actions violated the ADA, it can be held liable for its actions unless some other defense applies. *See* Plaintiff's Motion (Dkt. #44) at 7-10. For example, Union Pacific might have a business necessity defense, or a direct threat defense, but unlike the railroad defendant in *Turner v. BNSF Ry. Co.*, 138 F.4th 224 (5th Cir. 2025), it does not have an FRA-based defense.

1

**II.     Bien's claims, which are based on actions taken in 2015, are not time barred.**

In section II of its response (pages 7-8), Union Pacific argues that if Bien were asserting a claim based on things that happened in 2013, the claim would be barred by limitations. Because Bien asserts no such claim, no response to this section is necessary.

**III.    Union Pacific's arguments concerning the FRA regulations are misplaced.**

Bien responds as follows to section III of the response (pages 8-11).

**A.     Plaintiff's motion is not based on an alleged failure to follow procedures applicable to a certification decision.**

Defendant's argument is based on 49 C.F.R. § 242.505(i). This subsection is part of Subpart F – Dispute Resolution Procedures. Subpart F allows a person to challenge a railroad's decision to deny or revoke certification as a conductor. *See* 49 C.F.R. § 242.501(a).

49 C.F.R. § 242.505(i) states the standard that applies to the review of procedural issues related to the certification decision: "whether harm was caused to the petitioner by virtue of the **failure to adhere to the dictated procedures for making the railroad's decision.**" *Id.* (emphasis added). For example, a complaint that Union Pacific failed to comply with its own FRA-approved procedures for the administration of a color vision field test would fall under this section. Such a complaint would be reviewable under Subpart F.

Plaintiff's motion does not allege misapplication of any procedures used to make a certification decision. Rather, Plaintiff is noting that Defendant failed to submit such procedures in the first place. FRA regulations required the submission of a conductor certification program that included "a procedure for evaluating visual and hearing acuity that complies with the criteria established in § 242.117." 49 C.F.R. § 242.01(a)(3). For the reasons stated in Plaintiff's motion, which are unrebutted by Defendant's Response, Defendant's failure to submit a proper conductor

certification program deprives it of the ability to assert FRA-based defenses like those in *Turner v. BNSF Railway*.

### B. The summary judgment record proves Defendant's FRA submission was deficient.

In *Turner v. BNSF Ry. Co.*, the Fifth Circuit reviewed the color-vision regulations in 49 C.F.R. Part 242. The Court noted that the regulations provide for an initial "clinical vision test," and then a "second, different test." *Id.* at 229. The Fifth Circuit then stated: "The railway must submit that second test to the FRA for approval." *Id.*

Union Pacific correctly notes what the regulations say, which is (as Plaintiff stated in his motion) that the certification program must include "a procedure for evaluating visual and hearing acuity that complies with the criteria established in § 242.117. Id. § 242.01(a)(3)." From this, Defendant argues that it was not required to submit the specifics about its test, but the Fifth Circuit has held otherwise, stating the test must be submitted.

But even if something less is required, the facts show that Union Pacific's submission fell short of the mark. The FRA regulations only provide general guidance on the color vision procedures each railroad's program should include, but they then place a burden on the railroads to describe their procedures, presumably in more detail than what is stated in Part 242. If Part 242 was sufficiently complete and detailed about what was required, there would be no need for the regulations to require railroads to describe their color vision testing procedures in their FRA submission.

Union Pacific's response asserts as fact that what it submitted was sufficient, but it does not explain how its submission passes muster. This Court should therefore reject Defendant's hollow insistence that its submission complied with applicable requirements.

### C. The absence of expressed concerns has no legal significance.

On pages 9-10 of its response, Defendant claims neither the FRA or Plaintiff expressed concerns or provided comments about its conductor certification program. However, Defendant does not explain the legal significance of this. Because it appears there is none, the Court should disregard these observations about the facts.

### D. *Turner* did not address, and did not reject, Plaintiff's arguments.

Plaintiff's argument is not based on the fact that Union Pacific devised its own test. The argument is based on the fact that Union Pacific did not disclose any information about its test to the FRA when it submitted its conductor certification program for review and approval.

The facts of *Turner* are distinguishable because the opinion assumes that BNSF, unlike Union Pacific, fully complied with FRA regulations. The Fifth Circuit emphasized that BNSF had no choice, its "hands were tied" because of the FRA regulatory requirements for certification. *Turner* at 230. The Court acknowledged that the railroad is free to choose what kind of field test to use, but the Court then emphasized that the railroad's discretion is subject to FRA oversight because "[t]he railway must submit that second test to the FRA for approval." *Id.*

*Turner* took for granted that BNSF complied with FRA regulations. These regulations require each railroad to have a conductor certification program that includes, among other things: "A procedure for evaluating visual and hearing acuity that complies with the criteria established in § 242.117." 49 C.F.R. § 242.101(a)(3). To be certified or recertified as a conductor, the person must have "[t]he ability to recognize and distinguish between the colors of railroad signals." 49 C.F.R. § 242.117(h)(3). Taking these provisions together means Union Pacific was required to submit something describing its color-vision evaluation procedures to the FRA for review and approval.

4

Union Pacific failed to do so, which means Union Pacific cannot claim it was following regulations and using an FRA-approved field test as justification for refusing to lift Bien's work restrictions and reinstate him in 2015.

### IV. Defendant's Response implicitly concedes that it gave no notice of a certification decision.

Union Pacific cannot point to evidence that it notified Bien of a certification decision in either 2013 or 2015, so it argues instead that Bien received adequate notice. However, in *Turner*, the Fifth Circuit emphasized that railroads have an "unconditional obligation to follow the regulations." *Id.* at 231, quoting *Coffey v. Norfolk S. Ry. Co.*, 23 F.4th 332, 340 (4th Cir. 2022). On this issue, Union Pacific did not follow the regulations, so it cannot complain of Bien's failure to appeal a recertification decision he was not made aware of.

Union Pacific's arguments about what Bien and the union knew and did are equally unavailing.[1] The regulations do not define compliance in terms of what the employee knew of should have known, they require notice of the certification decision. Union Pacific's correspondence with the union make no reference to a certification decision, or the dispute resolution procedures in 49 C.F.R. Part 242, subpart F. This Court should therefore reject Defendant's assertion that Bien's claims are barred because he did not appeal.

### V. Bien could not have raised improper notice with the FRA.

Union Pacific seems to misconstrue Plaintiff's position. Plaintiff is not claiming that he was notified of a certification decision, but it was technically deficient. Plaintiff is claiming that he was not notified of a certification decision as required by 49 C.F.R. § 242.401 (a) and (c). If he

---

[1] In a footnote on page 4 of the response, Defendant comments on an exhibit Plaintiff submitted as summary judgment evidence. Defendant fails to explain how the emails in the exhibit are contradicted by ECF 41-13, and Plaintiff can discern no such contradictions. Plaintiff is therefore unable to respond to the alleged contradiction. As for hearsay, the documents are hearsay, but the substance can be presented at trial in admissible form through the testimony of Mr. Chelette. The emails may therefore be considered here as summary judgment evidence.

was not notified, he could not have known to present an issue to the FRA concerning the adequacy of the notice.

## Conclusion

For all reasons stated in the initial motion and this reply, the Court should grant Plaintiff's motion and enter summary judgment for Plaintiff on Union Pacific's exhaustion of administrative remedies defense to Bien's ADA claims.

Respectfully submitted,

/s/ Donald E. Uloth
Donald E. Uloth
Texas Bar No. 20374200
Law Office of Donald E. Uloth
18208 Preston Rd. Suite D-9 # 261
Dallas, Texas 75252
Phone: (214) 989-4396
Email: don.uloth@uloth.pro
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on November 17, 2025 I am filing this motion electronically using the Court's ECF filing system, which will email a file-marked copy of this motion to all counsel of record.

/s/ Donald E. Uloth
Donald E. Uloth